The court now calls case 117443 Ferris, Thompson and Zweig v. Anthony Esposito. Are you ready to proceed? Proceed. May it please the court, justices, counsel. My name is Michael Furlong. I represent the defendant appellant Anthony Esposito. And the defendant appellant is asking the Supreme Court to reverse the opinion entered by the 2nd District Appellate Court, which affirmed the trial court relative to a determination of the presence of subject matter jurisdiction in the trial court arising out of a claim for attorney's fees in a compensation matter. And the two issues on appeal are, one, whether that determination of subject matter jurisdiction by the trial court was consistent with the clearly expressed statutory intent that all disputes regarding attorney's fees shall be heard by the Workers' Compensation Commission. And second, the 2nd District's opinion articulated some reasoning that runs counter to this court's opinion in Alvarado relative to whether a continuing jurisdiction in the commission to determine a fee award collateral to the final award frustrates the intent of the Comp Act to facilitate prompt resolution of claims to get compensation to the claimants. In Alvarado, this court held that if it's collateral to the final award, it does not frustrate that intent. The 2nd District disagreed and found that allowing this dispute to be heard by the commission would frustrate that intent. So the first issue I'd like to address is the issue of subject matter jurisdiction and the expression in the Comp Act as to the exclusive jurisdiction of the commission as to disputes between attorneys for fees arising out of the Act. Generally, it's not disputed that certain courts have general jurisdiction and that subject matter jurisdiction is generally presumed. However, that presumption is not available under the Comp Act, and that's because the Comp Act is a comprehensive statutory scheme that provides for administrative jurisdiction and the circuit court's jurisdiction is appellate only. And under this court's prior case law, such as in Board of Education, Warren Township, it's clear that the legislature can limit the jurisdiction of a circuit court and define a justiciable matter in a fashion that limits the subject matter jurisdiction of the circuit court solely to the role of appellate review. And the consequence of bringing an action that should have been brought initially in front of the administrative body in the circuit court is that the circuit court must dismiss that action in deference to the agency's exclusive original jurisdiction that's set forth in this court's 1992 opinion in People v. NL Industries. It's also not disputed that in order for the legislature to divest the circuit court of original subject matter jurisdiction, that that divestment must be explicit. And in this case, Section 16AJ of the Comp Act satisfies the explicit divestment requirement. And it does so by saying any and all disputes regarding attorney's fees, including disputes which involve whether or not one or more attorney is entitled to fees, disputes relative to a division of fees if a claimant is represented by more than one attorney, and any other dispute concerning attorney's fees or contracts for attorney's fees shall be heard by the commission. That is the explicit divestment language. So when the circuit court is presented with an explicit divestment situation such as this, the circuit court's task when being presented with a complaint that seeks relief that should have been initially sought in front of an administrative body is to make a determination by considering the nature of the case and the relief sought in the complaint. That's set forth in Bellevue-Toyota. So it's not a factual determination. It's a determination as a matter of law. And the determination is made by looking at the allegations of the complaint. Now in this case, the complaint makes clear that this is a dispute between two parties, two attorneys, over the entitlement to fees arising out of a comp claim. And the reason that it's clear is that the allegations of the complaint admit this, and the complaint also attaches two attorney representation agreements which explicitly state that the appellant defendant and plaintiff appellee are acting as co-counsel relative to obtaining compensation for a worker's compensation claim. Can I ask this question? Did the plaintiff attorney file an appearance before the court? No. So in most of the cases we see, there's some dispute among lawyers who have each filed appearances. Isn't that true? That's true. So that no opinion rendered by this court, and before the second district opinion, dealt with the situation where one attorney had an appearance before the commission and the other attorney didn't. Does that change your analysis somehow? That in these other cases, when the court was looking at this language about disputes between lawyers in terms of attorney fees should be heard before the commission, that there were multiple lawyers who had filed appearances. So it doesn't matter here that this lawyer did not file, the plaintiff did not file an appearance? No, and the reason that that doesn't matter is that Section 16A.J. doesn't require both attorneys to have an appearance on file in order for the dispute to be heard by the commission. And so that's enough in itself, because it's plainly and unambiguously stated by the legislature. But even going beyond that, other provisions of the Comp Act demonstrate that the Comp Act is concerned with regulating not just the behavior of attorneys appearing before the commission, but also attorneys who are representing the claimant. And in this case, the plaintiff appellee argues that, the firm argues that it's solely a referring attorney. And Section 16B of the Comp Act expressly regulates or touches upon the requirements of referring attorneys. So in a comprehensive statutory scheme such as the Comp Act, when the legislature has broad language reaching not just relationships between attorneys with appearances before the commission, but also referring attorneys and the way that fees can be shared under the rules of professional conduct, I don't think that that impacts the exclusive jurisdiction of the commission. But the commission would be, in that situation, reviewing whether the referring attorney did enough under the rules of professional conduct to justify a fee, is that right? In that situation, that is the legislature's mandate, that the referring attorney or the attorney seeking a division of fees has complied with the rule of professional conduct 1.5. And so there are two ways to do that under 1.5. There's the proportional services approach, where each attorney's services are considered and a determination is made as to which attorney earned a certain amount of fees based on their performance. And then there's, if the primary service, and that's the language used by Rule 1.5, if the primary service provided by the attorney is a referral, then the agreement must show that the referring attorney has assumed joint financial responsibility that it's in writing and that it's agreed to by the client. So under either situation, the commission would be reviewing that dispute to determine that compliance with Rule 1.5 has occurred. One of the issues fleshed out in the briefing is whether or not this case is similar to the prior cases of this court, opinions of this court in Employers Mutual v. Skilling, which is the latest opinion that talks about explicit divestment. And in Employers Mutual v. Skilling, that did involve a compensation question, but it was a DEC action brought by an insurance company in a circuit court asking for a declaration that it did not owe coverage in Illinois because it was a Wisconsin insurance company for an employee injury in Illinois. And in that case, the employee argued that the insurance company didn't have subject matter jurisdiction in the circuit court where it brought the DEC action because Sections 18 and 19 of the Comp Act which say that all questions arising under the Act shall be decided in front of the commission and that all disputed questions of law shall be determined by the commission. Those divested the circuit court of jurisdiction over the DEC action question. However, that case did not involve analysis of the situation here where we have 16AJ which specifically talks about a dispute between attorneys for fees. So while this court held that that was not in Section 18 and 19 sufficient to divest the circuit court of jurisdiction, this case involves a specific example where the legislature has said the commission has exclusive original jurisdiction. Another point I'd like to clarify between the parties' positions is this issue of whether or not there can also be an application of the Doctrine of Primary Jurisdiction which would lead to the potential for a finding of concurrent jurisdiction on this question between the circuit court and the commission. In this case, the Doctrine of Primary Jurisdiction is not available because there has been an explicit divestment by the legislature saying all attorney fees disputes shall be heard before the commission. Therefore, that's a pronouncement that exclusive original jurisdiction resides in the commission. And if you have exclusive original jurisdiction in the commission, you can't have a divestment. Is Callahan the only concurrent jurisdiction case, if I pronounced that correctly? I think I was, the concurrent jurisdiction case that I was referring to was Employees Mutual versus Steele. Callahan versus Parkway is a case that involves a third-party claim and a fee sought by an attorney in a third-party claim that's authorized by the compact and a lien authorized by the employer. I do not believe that that involves questions of concurrent jurisdiction. I may be mistaken. I didn't read it that way. Is it clear here that the dispute between the attorneys will have no bearing on the ultimate net award the claimant would receive under the Workers' Compensation Commission Award? Yes. Does that bear on our analysis in any way? It does in the sense that Alvarado says that continuing jurisdiction is acceptable in the commission where the dispute is collateral to the final award. And in fact, even though in Alvarado both attorneys did have appearances on file, the final award was fixed and the commission ordered one attorney who'd received the payment to pay a portion of that fee to the other attorney. So the body of the award of fees was pared down and one attorney was ordered to pay another. But it didn't affect the overall compensation paid to the claimant. And that's exactly why this doesn't conflict with the purpose articulated in Section 16A that says that the claim must be resolved expeditiously to facilitate payment to the claimant. The claimant's going to get the money. The commission can order the attorneys to divide the fee among themselves. Another part of the statute that supports the interpretation that this dispute belongs before the commission is that 305.16 which says that the commission has the power to fix the fee for services rendered in securing a right under the Act. The dispute between the parties on that point is that and counsel for Plaintiff Appellee argues that a referral is not a service rendered in procuring a right under the Act. But when you look at Rule 1.5 of the Rules of Professional Conduct referral is referred to as a service. And so when you have Rule 1.5 mentioned in the Comp Act and 1.5 defines referral as a service and the Comp Act talks about the service provided allowing a fee to be fixed it's obvious that even a referral agreement is within the scope of 16.8.J's provision for disputes to be heard by the commission. I want to touch briefly on this idea that there's a constitutional issue with respect to the claimant being deprived or the attorney plaintiff attorney being deprived of a jury trial. And this is not a situation where the appellee is being deprived of a right to a jury trial because the firm's entire recovery is premised upon a right created by statute. And there's no dispute that the Workers' Compensation Act abrogates common law and provides a right that didn't exist at the common law. So recovering a portion of a fee that didn't exist at common law and recharacterizing your complaint as a breach of contract complaint in the circuit court does not give you standing to argue that you're being deprived of a jury trial. You never would have gotten the fee were it not for the statutory remedy created by the Comp Act. There's also an argument by the plaintiff appellee that the Comp Rules don't contemplate a dispute being in front of the commission relative to an attorney that doesn't appear before the commission. And what I would argue is that the Comp Rules are not an indicator of legislative intent. The plain language of the statute is an indicator of legislative intent. Thank you. Your time has expired. May it please the Court. My name is Saul Ferris Ferris Thompson and his wife. I represent the plaintiff in this matter. I would like to start with the constitutional argument that I made in my brief because as we know the Constitution trumps the statute. The statute cannot be passed which offends the Constitution. The Illinois Constitution was first passed in 1818 and the Sixth Amendment of that Constitution states that the right to a trial by jury as heretofore enjoyed shall remain inviolate. The courts have interpreted that to mean that whatever causes of action at the common law primarily matters at law versus matters in equity to which a jury trial right remained attached after the passage of the Constitution. So then the question becomes does a breach of contract action was that a common law action which is contained in the plaintiff's complaint in this case. Was that an action known in common law? Of course it was. More specifically we're talking here in this case about a referral fee. So let me further offer the Court the fact that referral fees were also known in common law. There's not a lot of material out there about the historical genesis of referral fees but if you examine where our common law came from in England there are barristers and there are solicitors. Solicitors would refer matters to barristers for litigation before the Court. The solicitors would receive a referral fee. The point is that referral fees were known to the common law and therefore when the Illinois Constitution was passed in 1818 there was a right to a jury trial. This Court is making judgment upon a motion to dismiss a complaint which is grounded in a breach of contract common law action. If you look at our complaint which is an exhibit in the record of trial there's no mention of the workers' compact. It merely states that there was a contract between the plaintiff and defendant and the defendant breached that contract. Those allegations in the complaint under the standards of review for a 2-619 motion to dismiss those well-planned allegations are admitted. The legal sufficiency of the complaint is admitted. Mr. Ferris, are you departing somewhat from the rationale of the Appellate Court that says jurisdiction is exclusive in the Court versus concurrent jurisdiction? I presume your argument would be it doesn't really matter which way we go but I'm just interested in that if your argument is a slight departure from the exclusive jurisdiction. If the Court accepts the argument that given that there is no right to a jury trial before the Commission that would necessitate exclusive jurisdiction with the Circuit Court for breach of the agreements. There would not be concurrent jurisdiction. I'm going to get into my take on the statutory construction issue but with respect to the constitutional issue and by the way I wasn't purposefully sandbagging by raising the constitutional issue before this Court. I didn't raise it in the Appellate Court. When this Court granted the PLA I started thinking in constitutional terms and had this epiphany that my right as the plaintiff to a trial by jury would be violated if I was forced to litigate my fee dispute with the defendant before the Commission. Did I answer your question, Your Honor?  the fee petition before the Commission? The reason no fee petition was filed before the Commission is we have never practiced Ferris-Thompson's WAG, the plaintiffs have never practiced before the Workers' Compensation Commission. In order to practice before the Commission you must apply for an IC number IC standing for Industrial Commission using the antiquated term. Ferris-Thompson's WAG never had an IC number. Ferris-Thompson's WAG in fact never did file an appearance before the Workers' Compensation Commission. I'm not making that up. Those were factual findings by the trial judge in this case. That's the reason in the first place the plaintiff referred the case to the defendant. We do personal injury matters, we do criminal defense bankruptcies, we do not we did not do workers' compensation matters at the time. No fee petition was filed by us. I don't even know where the Workers' Compensation Commission is. I believe it's somewhere in Chicago and that's about all the plaintiff knows. May I ask you about the 16b GIF ban language of the statute that apparently suggests perhaps that issues about referral agreements could be resolved before the Commission. It seems to be an important argument that's being made here. How do you read that section? Does that give the authority to the Commission to resolve whether or not a referring lawyer has in fact complied with Rule 1.5 of the Code of Professional Conduct? Not at all. All 16b says, it's titled GIF ban and all it does, it actually criminalizes the workers' compensation attorney from giving gifts for referrals of workers' compensation cases. Where the 1.5 Rules of Professional Responsibility comes into play when you read 16b is it says unless an attorney is giving a fee in compliance with Rule 1.5 of the Rules of Professional Responsibility that is the only circumstance in which an attorney can give anything of value in receiving a referral of a matter before the Commission. So I would argue that I would turn the defendant's argument on its head and say that this in a very important way. By the legislature when they drafted 16a, 16b they're right next to each other. They're obviously cognizant of referral fee arrangements and yet there is no explicit mention in 16a of a referral fee. It was left out and as the court knows the divestiture of jurisdiction in the circuit court must be explicit. So what the defendant I submit is asking this court to do is amend 16a by including language in 16aJ saying that the circuit court shall not hear matters resolving attorney fee disputes. That's not what 16a says. This court does not legislate from the bench and I'm sure will follow precedent to not add language which is not there. So 16b I think is very important because it shows that the legislature is cognizant of referral fees and they chose to exclude it from the 16aJ language. So the 16aJ language the omnibus, all inclusive any and all fees is the centerpiece of the defendant's argument but it has to be read in conjunction with section 16a and if the court does that it will make legislative intent crystal clear because 16a says in relation to claims brought under the act the following paragraphs shall apply to include J. Well our claim is not a claim brought under the act and that's what the case boils down to. Our claim is brought under a common law action a breach of contract. I think the court should also look to what is the purpose of the workers' compensation commission. An administrative agency uses its specialized knowledge in primarily gathering facts not passing on matters of law. And the commission is very useful in finding that attorney A who was fired should be entitled to these fees under quantum merit versus attorney B the successor attorney. That's what section 16aJ should be limited to is sorting out what the reasonable value of the attorney's fees were when one lawyer is discharged and the other attorney takes over. Most illuminating precedent which was mentioned earlier is the Callahan and your honor I would submit that Callahan very explicitly Justice Moran wrote that opinion and in 1991 and he said that he didn't say that there's concurrent jurisdiction he unequivocally stated that the circuit court has jurisdiction over that not the commission and I'm quoted it says the circuit court not the commission so that did not give the commission concurrent jurisdiction just the opposite and the facts in Callahan were much worse than the facts that the plaintiff is presenting this court in that this court the Supreme Court in 1991 said that this statutorily created right under the Workers Comp Act is 25% attorney fee which is essentially a common fund doctrine fee for work that the attorney does in recovering from a third party. Philip Corboy argued that case before who had the distinction and honor of knowing. He argued that case before this court. Mr. Parkhurst was hired in that case. They were arguing over that 25% fee and this court called it an attorney's fee and if the court held in that case that this statutorily created right should be heard by the circuit court certainly the common law right which the plaintiff alleges in this case should be heard by the circuit court. The trial court's findings in this case there was a hearing on a motion to dismiss under 2-6-19 and the subject matter jurisdiction issue which is before the court should not be heard in a factual vacuum. The trial court made certain factual findings quote the plaintiff's firm Ferris Thompson & Zweig has not filed any fee petition with the industrial commission. They are not active in the industrial commission. Based on the allegations in the complaint and the attachments thereto it appears that this was simply a referral of the clients from Ferris Thompson & Zweig to the defendant pursuant to a referral agreement. So the trial judge made factual findings this court of course should defer to those findings because this court is passing on the law and not gathering facts. Barring any further questions by the court that would conclude my argument. Thank you. Were there any questions sir? Thank you. You may be seated. The first thing I'd like to address Mr. Ferris' argument is the contention that the complaint doesn't mention the compact and I would disagree with that argument in that the complaint attaches to co-representation agreements executed by plaintiff firm and the defendant to obtain recovery under the compact and it's axiomatic that exhibits a control over the allegations of the complaint. So if the body of the complaint which attaches and refers to the exhibits talking about their co-representation on the comp matter but doesn't explicitly say that it's a breach of contract action to recover fees in a comp action the exhibits control over the allegations in the body of the complaint. The idea that the right to a jury trial will be violated if this case is placed before the commission. The background of that is that it was clear at the time that the defendant and plaintiff entered into the co-representation agreement to get the workers compensation claimant's compensation that exclusive jurisdiction over disputes under that agreement would exist in the commission. So that's imported and applied by law into the contract. So it shouldn't have come as a surprise to an attorney that the place to resolve that dispute is in front of the commission where you file a petition in the commission to have that dispute adjudicated. I also wanted to emphasize that the defendant doesn't concede that this is a referral fee arrangement. If you look at the division of responsibilities in the co-representation agreement attached to the complaint  has duties delineated which include communicating with the client document preparation and those are part and parcel of an attorney-client relationship. So it's beyond a referral fee agreement. That being said, it doesn't matter if it's a referral fee agreement or a co-representation agreement. The dispute under the plain language of 16AJ belongs before the commission. There was some mention in the argument the inference from that mention was that only disputes for compensation disputes in relation to claims for compensation under the act should be read as only disputes for compensation under the act should be before the commission. So 16AJ is broader than requiring disputes for claims for compensation under the act and the fees growing out of that. It says disputes in relation to claims for compensation. That's expansive language. So this idea that you have to have an appearance on file in front of the commission for that dispute to be properly in front of the commission doesn't jive with the broad in relation to language under 16AJ. And that makes sense. Other fees are fixed by the commission for people who don't have appearances in front of the commission. 305-16 gives the commission the power to set fees for any service including for physicians. Well, physicians don't appear before the commission but their fees are subject to the commission's power granted by the legislature. So this distinction about having an appearance on file it's really a red herring and the language of the statute doesn't support plaintiff's argument. Finally, there was discussion about the factual findings made by the trial court and the defendant appellant's position if I haven't made it clear is that anything entered by the trial court after an erroneous determination as to the presence of subject matter jurisdiction is void. So factual findings by the trial court about whether this was a referral fee agreement, agreement for the division of responsibility in the representation it doesn't matter because the trial court had to look at that complaint and make a determination as to the existence of subject matter jurisdiction and make that determination as a matter of law. Factual disputes they don't factor into the determination of the existence of subject matter jurisdiction. So that's not binding on this court at all and this court doesn't have to defer to the trial court's findings of fact in the judgment order at all because that judgment order is void from the perspective of the defendant appellant. So that concludes my remarks and rebuttal. Thank you. Thank you. Case 117443 Ferris-Thompson-Zoids v. Anthony Esposito is taken under advisement as agenda number 15. Mr. Furlong and Mr. Ferris we thank you for your arguments today and you are excused at this time.